**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARIA ELIZABETH MONTERO LEON,<br><br>Debtor. | Case No. 2:25-cv-04078-MCS<br><br>USBC Central District of California Los Angeles, 2:23-bk-18404-WB<br><br>**ORDER OF DISMISSAL** |

Appellant Guillermo Montero, spouse of Debtor Maria Elizabeth Montero Leon, appeals an order of the United States Bankruptcy Court for the Central District of California granting Debtor's motion for an interim distribution of funds held in trust. (Notice of Appeal, ECF No. 1.) The Court ordered Appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. (OSC, ECF No. 10.) Appellant thereafter filed a statement of issues on appeal, (Appellant's Issues on Appeal, ECF No. 11), but he did not timely file a response.

1

District courts have jurisdiction over bankruptcy appeals from final judgments, orders, and decrees; from interlocutory orders issued under 11 U.S.C. § 1121(d); and from other interlocutory orders and decrees if given leave of court. 28 U.S.C. § 158(a). Appellant appeals an order granting Debtor an interim distribution of funds held in trust. Such an order is not one issued under § 1121(d), and from the Court's review of the bankruptcy court's docket,[1] Appellant did not receive leave to appeal the order. The Court ordered Appellant to brief whether the order is final given its interim nature, and Appellant declined to do so. The Court treats Appellant's failure to respond to the order to show cause as his "acknowledgment that this Court lacks jurisdiction." (OSC 3.)[2]

The Court dismisses the appeal for lack of jurisdiction and remands the action for further proceedings in the bankruptcy court.

**IT IS SO ORDERED.**

Dated: June 4, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: Bankruptcy Court

---

[1] The Court takes judicial notice of the bankruptcy court's live docket, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] In doing so, the Court does not resolve on the merits whether an order for interim distribution constitutes a final order.